# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| REGINALD A. MORGAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:08CV1601 TIA |
| ) | |
| LAURENT D. JAVOIS, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court has determined that the petition is successive, and the Court will dismiss the petition without further proceedings.

The background of Petitioner's commitment at the St. Louis Psychiatric Rehabilitation Center is recited in Morgan v. Lacy, 4:05CV263 HEA/MLM (E.D. Mo.), of which the Court takes judicial notice. In that case, Petitioner challenged the validity of his commitment and the basis for his not guilty by reason of insanity plea, which occurred in 1994. The Court dismissed the petition because the claims were untimely, procedurally barred, and non-cognizable.

Petitioner again challenges the basis for his commitment and conviction. Although Petitioner says he filed a petition for conditional release in state court in 2008, the petition was not ruled by the Circuit Court until January 22, 2009, well after

Petitioner filed the instant petition. Because Petitioner is challenging the same judgment that he previously challenged in this Court, the petition is successive.

To the extent that Petitioner seeks to relitigate claims that he brought in his original petition, those claims must be denied pursuant to 28 U.S.C. § 2244(b)(1). To the extent that Petitioner seeks to bring new claims for habeas relief, Petitioner must obtain leave from the United States Court of Appeals for the Eighth Circuit before he can bring those claims in this Court. 28 U.S.C. § 2244(b)(3)(A). Petitioner has not been granted leave to file a successive habeas petition in this Court. As a result, the petition will be dismissed.

Moreover, even if the petition were not successive, it would be denied for failure to state a cognizable claim. For his sole ground for relief, Petitioner claims that "[t]he respondents keep saying that the petitioner is a danger to himself and others if released on conditional discharge." Petitioner does not allege that his constitutional rights were violated in any conditional discharge proceedings. Under 28 U.S.C. § 2254(a), a district court may only entertain a petition for writ of habeas corpus if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." In other words, grounds that do not state a constitutional issue are not cognizable in a federal habeas petition. E.g. Gee v. Groose, 110 F.3d 1346, 1351-52 (8th Cir. 1997). As a result, Petitioner's sole ground for relief is non-cognizable in these proceedings.

Finally, Petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Khaimov v. Crist, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's petition for writ of habeas corpus is **DISMISSED**.

**IT IS FURTHER ORDERED** that Petitioner's pro se "Motion Order Respondent's to Deliver All Copies to Petitioner Filed in Case" (Docket No. 17] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Writ of Prohibition (Docket No. 24) is **DENIED**.

Dated this  24th  day of August, 2011.

                                                /s/ Terry I. Adelman
                                   UNITED STATES MAGISTRATE JUDGE